FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 22 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| JOHNSON GICHEGE MUNGAI (f/k/a JOHNSON MUNGAI GICHEGE), Plaintiff<br><br>vs.<br><br>CHASE BANK USA, N.A;<br>CHASE HOME FINANCE, LLC;<br>FEDERAL NATIONAL MORTGAGE ASSOCIATION (as trustee for securitized trust FANNIE MAE REMIC TRUST 2007-51 TRUST), Defendants | CIVIL ACTION<br>NO. 1:19-cv-00409-AT-JFK |

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS AND/OR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff, Johnson Gichege Mungai ("Mr. Mungai", or "Plaintiff"), who respectfully files his *Plaintiff's Response to Motion to Dismiss and Motion for Leave to File a Second Amended Complaint*, and shows this Honorable Court the following pertinent facts:

Very little has happened in this action since the date the complaint was filed. While trying to respond to the Motion to Dismiss, Plaintiff realized that he is having

too hard of a time going against Defendants' claims. Plaintiff has been studying the rules, and reviewing numerous complaints that were not dismissed by the US District Court. With the errors in writing the complaint, Plaintiff sees no way that he can successfully argue against what Defendants have claimed.

The only thing that Plaintiff can do to fix his Amended Complaint, is to file a Second Amended Complaint. Plaintiff firmly believes that with the studying he has been doing, together with the arguments in the motion to dismiss, Plaintiff sees his downfall, as well as what he needs to do to file an acceptable complaint.

<u>BRIEF BACKGROUND OF PROCEEDINGS</u>

Plaintiff filed this civil action on 01/24/2019 [Doc.1]. That same day, Plaintiff filed Motion for Temporary Restraining Order ("TRO")/Preliminary Injunction ("Inj") [Doc.2], which included a Request for an Immediate Hearing on the TRO/Inj.

The Court, on 01/28/2019, [Doc.3] Denied the TRO/Inj.

On 02/19/2019, the same day that their Answers were due, Defendants filed [Doc.9] a Joint Motion for Extension of Time to File Answer. That same day of 02/19/2019, the Court issued an Order [Doc.10] Granting defendants' Motion for extension. Defendants now, had until 03/21/2019 to file an Answer to the Complaint.

On 03/21/2019, the date that Defendants' responsive pleadings were to be

2

filed, Defendants filed their Second Motion [Doc.11] for Extension of Time to File Answer. Again, that same day, Defendants Motion was Granted [Doc.12]. Defendants now had until May 20, 2019 to file responsive pleadings.

Again, on the same date Defendants' responsive pleadings were to be filed, May 20, 2019, they filed their Third Motion for Extension of Time to Respond [Doc.13]. The following day, 05/21/2019, the Court issued an Order [Doc.14], granting the Third extension, with responsive pleadings to be filed on June 21, 2019.

On the deadline date, 06/21/2019, Defendants filed [Doc.15], their Motion to Dismiss the Complaint. Defendants failed to send Plaintiff a copy of the Motion to Dismiss, therefore, Plaintiff did not know he needed to file a response.

Plaintiff, who had not received a Motion for Extension of Time, and had not received an Order Granting such extension, finally was able to find someone with a Pacer account, and learned of the Motion to Dismiss. Plaintiff immediately hand wrote a formal document [Doc.16], to be filed into the Court alerting the Court to the fact, that he had never been served with the Motion to Dismiss which he filed on 09/05/2019.

The following day, 09/06/2019, The Court issued an Order [Doc.17] stating

> "Because the docket in this case does not reflect service of the motion to dismiss on Plaintiff at his address of record, the court will allow Plaintiff fourteen (14) days from entry of this order to file a

3

response to the motion to dismiss. The court, however, denies Plaintiff's request to dismiss the motion to dismiss".

Plaintiff, rather than file a Response to Motion to Dismiss, filed an Amended Complaint [Doc.18]. Defendants then filed Motion to Strike [Doc.19], and a Motion to Dismiss pursuant to Rule 12(b)(6) [Doc.20].

After reading the Motion to Dismiss, Plaintiff sees that his Complaint as written is doomed to be dismissed. Plaintiff will need to do away with many of his claims for relief, and some need to be replaced with claims that he can properly plead.

## ARGUMENTS AND CITATIONS

### A. *Legal Standard*

The Federal Rules of Civil Procedure provide that leave to amend a pleading should be give "freely" "when justice so requires." FED. R. CIV. P. 15(a)(2). In deciding whether to give a party leave to amend, the Court should consider factors such as whether there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment . . . ." **Foman v. Davis**, 371 U.S. 178, 182 (1962). The decision of whether to give leave to amend is within the discretion

4

of the trial court. ***Saewitz v. Lexington Ins. Co.***, 133 F. App'x 695, 699 (11th Cir. 2005). Bearing these principles in mind, the Court considers Plaintiff's proposed Second Amended Complaint.

***Jenkins v. Cronic***, CIVIL ACTION NO. 2:14-CV-00072-RWS, at *8-9 (N.D. Ga. Feb. 9, 2015).

    Plaintiff in the case at bar, assures the Court that he is not acting in bad faith, with dilatory motives, or trying to delay. Plaintiff merely seeks to file a complaint that has a chance of remaining in the Court without being immediately dismissed.

    Plaintiff realizes that he is supposed to attach a copy of the proposed Amended Complaint, but having no time to prepare a proposed complaint. Plaintiff thought he was going to find arguments against the motion to dismiss. After two days of checking the case law, and using the motion to dismiss, Plaintiff sees he is doomed, should the Court deny his Motion.

## CONCLUSION

Plaintiff has filed contemporaneously herewith, a Response/Motion for Leave to File a Second Amended Complaint. Plaintiff prays that this Honorable Court will DENY Defendants' Motion to Strike, will GRANT his Motion for Leave to File a Second Amended Complaint,, and give Plaintiff at least fourteen (14) days to prepare a new improved, better complaint.

Respectfully submitted, this 21st day of October, 2019,

_____
Johnson Gichege Mungai
P. O. Box 7553
Marietta, GA  30065
(404) 457-3588

## CERTIFICATE OF COMPLIANCE

I hereby Certify, that this document complies with N.D. Ga. LR 7.1(D), as this document was prepared using 14 point, Times New Roman font, with a top margin of 1.5" and left margin of 1" pursuant to N.D. Ga. LR 5.1(C).

_____
Johnson Gichege Mungai
P. O. Box 7553
Marietta, GA  30065
(404) 457-3588

## CERTIFICATE OF SERVICE

I hereby Certify, that I have, this 21st day of October, 2019, served upon defendants, a true and correct copy of the foregoing, through their attorney on file, by causing to be deposited with USPS, First Class Mail, proper postage affixed and addressed as follows:

William O. Tate
MCCALLA RAYNER LEIBERT PIERCE, LLC
1544 Old Alabama Rd.
Roswell, GA  30076
*(For JPMorgan Chase Bank, N.A; and Federal National Mortgage Association)*

 

                                                                                Johnson Gichege Mungai
                                                                                  P. O. Box 7553
                                                                      Marietta, GA  30065
                                                                        (404) 457-3588